DETERMINED IN THE

# FIFTH DEPARTMENT

AT

# GENERAL TERM,

## March, 1895.

JEREMIAH F. SHEEHAN, Respondent, *v.* ISRAEL GOLDEN, Appellant, Impleaded with Another.

*Action of replevin, dismissed — one defendant may not insist that judgment be for a return of the property to his co-defendant.*

In an action of replevin, where the goods in question have been taken by the plaintiff, and thereafter a judgment has been rendered dismissing the plaintiff's complaint and for costs, a defendant who is alleged to have obtained the goods by false representations, and who sets up in his answer that such goods were levied upon by the sheriff, his co-defendant, under an execution against him, and who consequently is not entitled to a return of the replevined property to himself, is not in a position to insist that the judgment should direct the return of the property to the sheriff, his co-defendant, who has not asked for it.

APPEAL by the defendant, Israel Golden, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Erie on the 13th day of April, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Erie Circuit dismissing the plaintiff's complaint upon the merits and for costs.

*E. L. Jellinek,* for the appellant.

*Wallace Thayer,* for the respondent.

DWIGHT, P. J. .

The action was replevin for a quantity of goods alleged to have been obtained by the defendant Golden from the plaintiff by

means of fraudulent representations. The goods were taken by the replevin process from the possession of the defendant Beck, sheriff of Erie county, who had previously seized them by virtue of an execution against the defendant Golden. The goods were not reclaimed pending the action, and the defendant Beck made default. The defendant Golden answered, denying the fraud charged against him and alleging that at the time of the levy by the sheriff the goods were the property of him, the defendant Golden, and that by virtue of such levy the defendant Beck had acquired all his, Golden's, right, title and interest therein. He demanded judgment for the return of the goods with damages for their taking and detention, besides costs.

On the trial it appeared that the plaintiff did not discover the alleged fraud until after the levy by the sheriff and, of course, had taken no step to rescind the contract of sale nor indicated his intention so to do until after such levy; and, thereupon, the court at the Circuit, under the case of *Wise* v. *Grant* (140 N. Y. 593), directed a verdict of no cause of action. With this the defendant was not content, but asked for the direction of a verdict to the effect that the defendant Beck was entitled to a return of the property. This was refused and the defendant excepted, and that exception is the ground of his appeal from the judgment dismissing the complaint and for costs, which he caused to be entered on the verdict directed as above.

It is conceded that the action could not be maintained, under the doctrine of *Wise* v. *Grant* (*supra*); the question is whether — such being the case — the defendant Golden was entitled to a judgment for the return of the property to the defendant Beck. Of course he was not entitled to have it returned to himself. By his answer he had expressly disclaimed for himself all right and title and interest therein after the levy by the sheriff. This disclaimer was probably too broad; he had at least a reversionary interest in case the goods sold for more than the amount of the execution. But he had no right to the possession of the goods. That was vested in the sheriff by the levy, and it was for the sheriff to defend, or to relinquish if he saw fit not to defend it. He must be supposed to have had his own reasons for not defending his possession of the property and demanding its return to him. In failing to do so he has acted

upon his own responsibility, and the rights of others, probably, need not suffer by his default. But in this action it is not apparent that anybody else can interpose to obtain for him what he has declined to ask for himself.

The question is not free from difficulty, and the result indicated presents some anomalies. We are inclined to think the case is one omitted to be provided for in all the infinite detail of the statute which gives the "action to recover a chattel." Certainly we find nothing in the statute which favors the proposition that a defendant who is not entitled to a return of the property to himself, can have judgment for its return to another defendant who has not asked for it.

The merits of the case are all with the plaintiff. The defendant did not attempt to meet the case, made on the trial, of his fraudulent procurement of the goods. His sole dependence was upon a technical construction of the statute which prevented the plaintiff from maintaining his action.

We are of opinion that the court at the Circuit correctly decided to dismiss the complaint in this action and leave any party aggrieved to such further remedy as he may be advised to pursue.

The judgment appealed from should be affirmed.

LEWIS and BRADLEY, JJ., concurred.

Judgment affirmed.